IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN BOLDEN,<br>ZECHARIAH BENJAMIN,<br>NELL BROCKS,<br>CLARENCE ROSS, III, and<br>WILSON CLEAVES,<br><br>Defendants. | No. CR08-0001<br><br>ORDER SETTING HEARINGS AND<br>RESCHEDULING TRIAL |

This matter comes before the Court on the Motion for Temporary Furlough (docket number 33) filed by Defendant Nell Brocks on February 20, 2008; the Motion to Continue Hearing (docket number 50) filed by the Government on February 26, 2008; the Motion to Continue Trial (docket number 56) filed by Defendant Nell Brocks on February 27, 2008; and the Motion to Sever Defendants (docket number 58) filed by the Government on February 27, 2008.

*Motion for Temporary Furlough*

On February 20, 2008, Defendant Nell Brocks filed a Motion for Temporary Furlough (docket number 33). Brocks requests that she be released from custody "for the purpose of arranging her life affairs, primarily moving her personal belongings from her rented house to storage." Brocks estimates that "[a] temporary furlough on two or three days, from 8 a.m. to 5 p.m., should be sufficient to accomplish those tasks." Brocks concedes that she cannot find any specific authority for such a release, but argues that it lies "in this Court's inherent authority to manage detainees." The Government filed a

1

Resistance (docket number 46), arguing that circumstances have not changed since the Court previously ordered Defendant detained.

On February 27, 2008, Brocks pleaded guilty to two counts of distribution of a controlled substance, as set forth in Counts 6 and 7 of the Superseding Indictment. Following Defendant's guilty plea, her detention pending sentencing is mandatory, unless the Court finds that there are "exceptional reasons" why her detention would not be appropriate. *See* 18 U.S.C. §§ 3143(a)(2) and 3145(c). The Court believes that the reasons proffered by Brocks for her release, even temporarily, do not justify relief. The Court finds that Brocks' request for a temporary furlough should be denied.

### *Motion to Continue Hearing*

On February 22, 2008, Defendant Clarence Ross, III, filed a Motion to Suppress Evidence (docket number 38). The Government filed a Resistance to Motion to Suppress (docket number 42) on February 25, 2008, although it is not supported by a memorandum. Generally, the Government's resistance would not be due until March 3, 2008.[1] In an effort to expedite the matter, however, the Court set the Motion to Suppress for hearing on February 29, 2008. *See* Order Setting Hearing on Motion to Suppress Evidence (docket number 44). In its instant Motion to Continue Hearing, however, the Government states that the prosecuting attorney will be out of the office until March 3, 2008. The Motion further states that counsel for Defendant does not object to a continuance. The Court finds that the Motion should be granted.

### *Motion to Continue Trial*

On February 27, 2008, Defendant Nell Brocks filed a Motion to Continue Trial (docket number 56). Brocks argues that a continuance of the trial is necessary in order to obtain additional information regarding the controlled substances involved in this case.

---

[1] *See* LCrR 47(a) ("A resistance to a motion in a criminal case must be filed within five court days after the motion is served, plus an additional three days under Local Criminal Rule 45 and Federal Rule of Criminal Procedure 45(c) if the motion is served electronically or by mail.").

The Court concludes that a brief continuance should be granted. The ends of justice served by continuing the trial outweigh the best interest of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Failure to grant a continuance would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). *See also* 18 U.S.C. § 3161(h)(3)(B)(7).

## *Motion to Sever Defendants*

In a Motion (docket number 58) filed on February 27, 2008, the Government requests that the Court "sever defendants Cleaves, Brocks and Ross for separate trials and schedule the trials in the order of Cleaves, Ross, Brocks and then a joint trial for Bolden and Benjamin."[2] The Court finds that the Motion should be set for hearing on an expedited basis.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. Defendant Nell Brocks' Motion for Temporary Furlough (docket number 33) is hereby **DENIED**.

2. The Government shall file a brief in resistance to the Motion to Suppress not later than **noon on March 4, 2008.**

3. The Defendants shall file their resistances, if any, to the Government's Motion to Sever not later than **noon on March 4, 2008.**

4. Hearing on the Motion to Suppress filed by Defendant Clarence Ross, III, is hereby **RESCHEDULED on March 5, 2008 at 9:00 a.m.** in the second floor courtroom, United States District Courthouse, Cedar Rapids, Iowa.

5. The Motion to Sever shall come on for hearing in the second floor courtroom, United States District Courthouse, Cedar Rapids, Iowa, on **March 5, 2008 at 10:00 a.m.**

---

[2] Defendant Wilson Cleaves entered a plea of guilty on February 26, 2008.

3

6. The Trial now scheduled for March 17, 2008, is hereby **RESCHEDULED during the two-week period beginning on April 7, 2008.**[3]

7. A Final Pretrial Conference will be held on the day scheduled for the commencement of trial **promptly** at **8:30 a.m.**

8. A Status Hearing will be held before the undersigned United States Magistrate Judge on the **21st day of March at 12:00 p.m.** in the second floor courtroom, United States District Courthouse, Cedar Rapids, Iowa.

9. The parties shall strictly comply with all other deadlines and requirements set forth in the Trial Scheduling Order (docket number 14) filed on January 16, 2008.

10. The time between the filing of the Motion (February 27, 2008) and the commencement of trial is hereby excluded from consideration under the Speedy Trial Act for the reason set forth in the text above.

DATED this 27th day of February, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[3] If one or more of the Defendants is severed for purposes of trial, then the first trial will begin on **April 7, 2008**, with the following trials set pursuant to a schedule established by Chief Judge Linda R. Reade.